IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 07-48-01 (EGS) |
| v. | : |
| | : |
| WILLIAM POYNTER, et al. | : |
| Defendant | : |

**DEFENDANT WILLIAM F. POYNTER'S MOTION TO DISMISS THE INDICTMENT AND ITS ATTENDANT FORFEITURE ALLEGATION FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENTS OF THE CHARGED OFFENSE**

Pursuant to Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure, defendant William F. Poynter, (hereinafter "Poytner") through counsel, respectfully moves for an order dismissing the Indictment charging him with conspiracy to launder monetary instruments in violation of 18 U.S.C. 1956(h) on the grounds that it fails to allege sufficiently the substance of the charge against the defendant and thus also fails to allege a nexus between the alleged unlawful activity and the interests sought to be forfeited.

For the reasons addressed in the accompanying Memorandum, Mr. Poynter respectfully requests that the Court dismiss the Indictment.

Respectfully submitted,

s/CARRIE CRAWFORD, ESQ.
Imhoff & Associates

P.O. Box 961  
Laurel, MD 20725  
(202) 723-3075  
*Attorney for Defendant*  
carriecrawfordlaw@cablespeed.com

July 30, 2007

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on July 30, 2007 I electronically filed the foregoing document with the Clerk of the Court, for the District of Columbia using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the U.S. Attorney of Record, Anthony Scarpelli.

s/Carrie Crawford

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-48-01 (ES) |
| v. | |
| : | |
| WILLIAM POYNTER, et al. : | |
| Defendant : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO ALLEGE THE ESSENTIAL
ELEMENTS OF THE CHARGED OFFENSE**

Defendant William F. Poytner hereby submits this memorandum in support of the above-referenced motion.

## I. INTRODUCTION

The United States has charged Defendant with one count of conspiracy to launder monetary instruments in violation of 18 U.S.C.§ 1956((h) and its attendant forfeiture allegation. The Indictment recites the statutory language of 18 U.S.C.§1956 that defendants' conspired "with the intent to conceal and disguise the nature and source of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and others at the direction of law enforcement to be proceeds of specific unlawful activity to wit: narcotics trafficking."  It  alleges that between November 17, 2005 and December 20, 2006 Defendant conspired with James Franklin Smith (hereinafter "Smith" and Christopher

Cook (hereinafter "Cook") to launder money believed to be drug proceeds. Defendant's allegedly accomplished this by conducting a financial transaction affecting interstate commerce. Defendant Poynter allegedly knew that the money was "drug money" because of representations from undercover law enforcement officials and had agreed to launder said money.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged. I t is accepted law that an indictment must contain the elements of the offense intended to be charged to fairly inform the defendant of the charge to be defended and from which he would not be subject to any subsequent prosecution. <u>United States v. Pickett</u>, 353 F.3d 62, 67 (D.C. Cir. 2004)(quoting <u>Russell v. United States</u>, 369 U.S. 749, 763 (1962)). Defendant Poynter submits that the Indictment must be dismissed for failure to allege facts essential to apprise him of the offense charged .

### II.  THE INDICTMENT IS DEFECTIVE FOR FAILURE TO ALLEGE ESSENTIAL FACTS OF THE OFFENSE

The Money Laundering Control Act,18 U.S.C.§1956(h) provides, in relevant part that :

Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

The elements of conspiracy to commit money laundering which an indictment must allege are (1) that there was an agreement between two or more persons to commit money laundering, and (2) that the defendant joined the agreement knowing its purpose

and with the intent to further the illegal purpose. United States v.Threadgill,172 F.3d 357,366 (5th Cir.1999).

An indictment which does not provide the defendant with adequate notice of the charge against him is defective. United States v. Yefsy, 994 F.2d 885 (1st Cir. 1993). The indictment may cite the salutatory language but it must also be "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117 (1974). In other words, it must contain a sufficiently detailed description of the particular scheme for which the defendant has been charged. The indictment before the Court thus fails. The substance of the indictment is a mere recitation of the statutory language and fails even to adequately advise Defendant as to how he allegedly violated the statute cited. Defendant can not adequately defend if he does not know and can not know from the indictment facts and circumstances sufficient to identify the specific offense charged. Not only does the Indictment fail to apprise Mr. Poynter of circumstances sufficient to identify what proscribed conduct is at issue, it does not specify which provision of Section 1956 Mr. Poynter allegedly conspired to violate.

### III. THE INDICTMENT FAILS TO APPRISE MR. POYNTER OF THE OFFENSE FOR WHICH HE IS CHARGED

The Sixth Amendment mandates that "in all criminal prosecutions, the accused shall enjoy the right ...to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI.

There are two primary criteria for measuring the sufficiency of an indictment (1) whether the indictment contains the elements of the offense intended to be charged and sufficiently notifies the defendant of what he must be prepared to meet, and (2) whether

the record shows with accuracy to what extent the defendant may plead a former acquittal or conviction in case any other proceedings are taken against him for a similar offense. United States v. McBride, 498 F.2d 683,685 (D.C.Cir.1974); also Hamling , supra United States v. Conlon, 628 F.2d 150,155 (D.C.Cir.1980) ("The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment.").

In addressing questions regarding the sufficiency of indictments, the Court of Appeals for the District of Columbia Circuit has advised as follows:

> In some cases, it is enough if the indictment puts the charge in the words of the statute but this is acceptable only where the statute itself fully, directly, and unambiguously sets forth all of the elements of the offense. The more generally applicable rule is that the indictment may use the language of the statute, but that language must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged.

Conlon, 628 F.2d at 155.

The Indictment fails to state the bare necessity of circumstances surrounding the charge required to advise Mr. Poynter of the nature of the accusation against him.

### IV.   THE INDICTMENT FAILS TO DEFINE "PROCEEDS" SUFFICIENT TO INFORM MR. POYNTER OF THE CHARGES AGAINST HIM

The language of the Indictment barely cites the wording of the alleged 18 U.S.C. 1956 charge against Defendant and seeks a forfeiture of all right and title to any "proceeds" of the alleged illegal activity including "$7,400 which amount constitutes all commissions, fees and other property constituting proceeds obtained as a result of the violation."  The precise meaning of the term "proceeds" is unclear and previous decisions have indicated that the 18 U.S.C. 1956(a)(1) term is ambiguous.   As this Circuit has yet to set forth its

views on the meaning of the term "proceeds", and as "proceeds" is not defined clearly by statute, case law, or the government, the Grand Jury could not possibly return a legitimate indictment as to this issue. The decision of the 7th Circuit Court of Appeals in <u>United States v. Santos,</u> 2007 U.S.LEXIS 4347 (U.S. Apr. 23, 2007) underscores this ambiguity which is now awaiting resolution by the Supreme Court. Consequently, the Indictment fails to adequately inform Mr. Poynter on this charge and the Grand Jury necessarily could not have returned an indictment based on adequate instruction from the government on this issue.

IV. **THE INDICTMENT FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF MONEY LAUNDERING FORFEITURE.**

The criminal forfeiture provision applicable to the Money Laundering Control Act 18 U.S.C .§982(a)(1), provides, in relevant part that:

The court, in imposing sentence on a person convicted of an offense in violation of section 1956,1957,or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

Under the Money Laundering Forfeiture allegation, the United States may successfully obtain a decree for forfeiture of property if it shows that the property was involved in" a money laundering transaction or attempted transaction. 18 .S.C.§982(a)(1); see <u>United States v. Funds From Prudential Securities,</u> 362 F.Supp.2d 75,80 (D.D.C.2005). In the instant case, the Forfeiture Allegation fails to allege a "substantial connection" between the property sought from Defendant and the alleged conspiracy to launder monetary instruments.

## **CONCLUSION**

For the foregoing reasons, Mr. Poynter respectfully requests that the Court

dismiss the Indictment in its entirety.

                                                        Respectfully submitted,

                                                        s/CARRIE CRAWFORD, ESQ.
                                                        Imhoff & Associates
                                                        P.O. Box 961
                                                        Laurel, MD 20725
                                                        (202) 723-3075
                                                        *Attorney for Defendant*
                                                        carriecrawfordlaw@cablespeed.com

July 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : **Criminal No. 07-48-01 (EGS)** |
| v. | |
| | : |
| **WILLIAM POYNTER, et al.** | : |
| Defendant | : |

**ORDER**

Upon consideration of Defendant William F. Poynter's motion to dismiss indictment for failure to state an essential element of the offense charged, the memoranda of the parties, the opposition thereto and the record herein, it is this _____ day of _____ 2007, hereby

**ORDERED**, that the Defendants' motion is GRANTED, and it is further

**ORDERED**, that the Indictment shall be, and hereby is, DISMISSED.

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE