IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-48-01 (EGS) |
| v. | |
| : | |
| WILLIAM F. POYNTER, : | |
| Defendant : | |

### DEFENDANT WILLIAM POYNTER'S MOTION FOR A BILL OF PARTICULARS

Defendant William F. Poynter, , through counsel, respectfully moves the Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, for a Bill of Particulars in the above-entitled action. Specifically, Mr. Poynter requests that the government provide the following:

particulars:

**I. Count One:**

a   Pages 1, ¶ 1    Identify "other persons known and unknown to the Grand Jury."

b. Page 1, ¶ 1    Specify how, when, and with whom Mr. Poynter and others "willfully and knowingly did combine, conspire, confederate and agree together."

c. Page 1, ¶ 1    Identify what constituted the "financial transaction."

d. Page 1, ¶ 1    Identify the "proceeds of specified unlawful activity."

e.  Page 1, ¶ 1    Explain how Mr. Poynter had the "intent to conceal and

     disguise the nature and source of property believed to be proceeds of specified unlawful activity."

 f. Page 1, ¶ 1 Demonstrate how Mr. Poynter "knew that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity."

 g. Page 1, ¶ 1  Identify how Mr. Poynter "conducted a financial transaction affecting interstate commerce".

 h. Page 2, ¶ 1 Identify the "law enforcement officers and others".

**II. Forfeiture Allegation:**

 a. Page 2, ¶ B  Specify what property was "involved in" or is "traceable to" Mr. Poynter that was "involved in the defendant's violation of Title 18, United States Code, 1956(h)."

 b. Page 2, ¶ B  Specify the nexus between the "$7,400 " there enumerated and defendant's alleged violation of 18 U.S.C. § 1956(h).

 c. Page2, ¶ C Specify which if any additional interests the United States intends to seek as subject to forfeiture under 18 U.S.C. § 982(b)(1), and the nexus between these interests and the alleged violation of 18 U.S.C. § 1956(h).

 A memorandum in support of this motion and a proposed Order are attached hereto. For the reasons set forth in that memorandum, Mr. Poynter respectfully requests that the Court order the government to provide this essential information.

       Respectfully submitted,

       <u>s/CARRIE CRAWFORD, ESQ.</u>

                                                        Imhoff & Associates  
                                                        P.O. Box 961  
                                                        Laurel, MD 20725  
                                                        Counsel for Defendant William F. Poynter

July 30, 2007

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WILLIAM F. POYNTER'S MOTION FOR A BILL OF PARTICULARS

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Mr. Poynter respectfully moves for a bill of particulars as detailed in the attached motion. Mr. Poynter was indicted in this case on March 1, 2007. Count One charges Mr. Poynter with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h).

The Indictment sets out several factual allegations in Count One which are incorporated into the forfeiture allegation. While it provides modest details about the alleged conspiracy, the charges in the Indictment are so general that they do not advise Mr. Poynter of the specific acts of which he is accused. Nor does the Indictment allege the nexus between the property sought in the criminal forfeiture proceedings and the allegations contained in Count One. These shortcomings undermine Mr. Poynter's ability to understand the charges against him and actively prejudice his ability to prepare a defense.

### ARGUMENT

Federal Rule of Criminal Procedure 7(f) provides that a court may direct the government to file a bill of particulars to elaborate on the indictment, thereby enabling the defendant to prepare for trial and avoid surprise at trial. Wong Tai v. United States, 273 U.S. 77, 80-81(1927). A bill of particulars is appropriate when the indictment lacks sufficient specificity to enable a defendant to understand the nature of the charges alleged against him and to prepare a defense. United States v. Mejia, 448 F.3d 436, 445 (D.C. Cir. 2006)(citing United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987)). Mr. Poynter, maintains, as made clear in the various motions filed contemporaneously herewith, that the deficiencies in this Indictment cannot be saved by such a

bill; in any event, in the alternative, Mr. Poynter makes these requests in order to enable him to prepare a defense to these charges.

**II. MR. POYNTER IS ENTITLED TO A BILL OF PARTICULARS DISCLOSING WHICH ACTS OF THE CO-CONSPIRATORS IN WHICH HE COMBINED, CONSPIRED, CONFEDERATED AND AGREED TO AS ALLEGED IN COUNT ONE.**

A bill of particulars is appropriate when the indictment is "so general that [it does] not advise the defendant of the specific acts of which he is accused. Cruz v. United States, 111 S.Ct. 273 (1990). A defendant should be able to judiciously use pre-trial preparation concentrating on particular acts in which he must defend. Indeed, the indictment in this instance is to vague and indefinite to inform the defendant of the specific nature of the charges against him. Defendant presently can not prepare an adequate defense without knowing how he supposedly conducted or was involved in any alleged "financial transaction". Although the government need not prove an overt act in furtherance of the conspiracy, Whitfield v. United States, 125 S.Ct. 687 (2005); defendant should at a minimum know at least one overt act alleged by the conspirators and the manner and means by which the acts alleged in the indictment were carried out by his agreement to such a conspiracy. U.S. v. Hubbard 474 F.Supp. 64 (1979).

**III. MR. POYNTER IS ENTITLED TO A BILL OF PARTICULARS DETAILING THE NEXUS BETWEEN THE PROPERTY SOUGHT THROUGH CRIMINAL FORFEITURE AND THE ALLEGATIONS INCORPORATED IN COUNT ONE.**

When the charged offense results in a forfeiture of property, Rule 7(c)(2) requires that the indictment allege the extent of the interest or property subject to forfeiture. FED. R CRIM.P. (7)(2). Defendant is entitled to know the connection between the property to be forfeited and the alleged conspiracy. See, e.g., U.S. v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986. ). The government should be required to disclose additional information regarding the nexus between the

property sought in the criminal forfeiture proceedings and the alleged conspiracy. The Indictment of Mr. Poynter is insufficiently clear as it states no nexus between Mr. Poynter's property and the violations of law which form the basis for the forfeiture allegation. Without knowledge of what the goverrnment alleges this nexus to be, Mr. Poynter is unable to adequately direct his investigation and trial preparation.

## **CONCLUSION**

The Indictment lacks the specificity necessary to allow Mr. Poynter to fully defend against the conspiratorial acts the government alleges. For the foregoing reasons, having adequately demonstrated the need for additional information to supplement the Indictment, Mr. Poynter respectfully requests that the Court grant this motion for a bill of particulars.

                        Respectfully submitted,

                        <u>s/CARRIE CRAWFORD, ESQ.</u>
                        Imhoff & Associates
                        P.O. Box 961
                        Laurel, MD 20725
                        Counsel for Defendant William F. Poynter

July 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : **Criminal No. 07-48-01 (EGS)** |
| **v.** | : |
| | : |
| **WILLIAM POYNTER, et al.** | : |
| **Defendant** | : |

## ORDER

Upon consideration of Defendant William F. Poynter's motion for a bill of particular in the subject indictment, the memoranda of the parties, the opposition thereto and the record herein, it is this       day of                     2007, hereby

**ORDERED**, that the Defendants' motion is GRANTED.


EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE