UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 07-48-01 (EGS) |
| | : | |
| WILLIAM F. POYNTER, | : | |
|         Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS AND OPPOSITION TO MOTION TO DISMISS THE INDICTMENT**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's motion for a bill of particulars (Document 22), and opposition to the defense motion to dismiss the indictment (Document 21).

**I.      Response to Defense Requests for Information**

The defense makes several requests for information from the government. This section of the instant pleading is intended to assist the defense by responding to the those requests. However, the fact that some act or acts are not discussed in this pleading does not, in and of itself, signify that the government will not seek to prove that act or acts during the presentation of proof at trial. See, e.g., United States v. Hsia, 24 F. Supp. 2d 14, 30 (D.D.C. 1998) ("A bill of particulars properly includes clarification of the indictment, not the government's proof of its case."); id. at 31 ("In particular, the government need not provide details, including time, place and date, of all overt acts in furtherance of the alleged conspiracy which the government intends to prove at trial."); United States v. Brodie, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) ("[A] bill of particulars is not a discovery tool or a device for allowing the defense to preview the Government's evidence.") (internal citations omitted). In addition, this pleading does not address the government's intentions with regard to presenting evidence pursuant to Federal Rules of Evidence 404(b), 609, or 702, or any other

provisions of those rules.

    1.    The defendant first requests that the government "[i]dentify 'other persons known and unknown to the Grand Jury.'" (Document 22 at 1.) As cited in the indictment, James Franklin Smith and Christopher Cook were indicted along with Mr. Poynter. Individuals known to the grand jury but not identified in the indictment include Immigration and Customs Enforcement ("ICE") Special Agent Byron Bragg and Metropolitan Police Department ("MPD") Detective Phillip Robinson, both of whom worked in undercover capacities in this case. To date, the United States has not disclosed to the defense the identity of an individual who is assisting, and acted at the direction of, law enforcement authorities. The government has not yet made this disclosure to, inter alia, preserve the integrity of this and other investigations and to protect the individual's safety. Prior to trial, the government will disclose the individual's identity and applicable Giglio and Jencks material.

    2.    The defendant requests that the government "[s]pecify how, when, and with whom Mr. Poynter and others 'willfully and knowingly did combine, conspire, confederate, and agree together.'" (Id.) As part of Rule 16 discovery, the government provided the defense with numerous documents disclosing how, when, and with whom the defendants committed the money laundering scheme. Also provided as discovery materials were numerous video and audio tapes which memorialized interactions and conversations about the scheme. See, e.g., United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (where "the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required"); United States v. Glecier, 923 F.2d 496, 502 (7th Cir. 1991) (demand for a bill of particulars was denied where indictment and government's pretrial disclosures provided defendants with sufficient information concerning the charges against them); United States v. Marrero, 904 F.2d 251, 258 (5th

Cir. 1990) ("when the information requested is provided in some other form, no bill of particulars is required").

3. The defendant further requests that the government "[i]dentify what constituted the 'financial transaction.'" (Id.) As part of discovery, the government provided documentation outlining a series of financial transactions that the defendants engaged in on April 28 (deposit into Bank of America account), June 27 (deposit into Bank of America account), August 8 (deposit into BB&T bank account), and December 20, 2006 (conversion of currency into U.S. postal money orders). See also infra ¶ 6.

4. The defendant additionally requests that the government "[i]dentify the 'proceeds of specified unlawful activity.'" (Document 22 at 2.) As amply demonstrated in the discovery materials, the defendants believed that they were laundering United States currency obtained from illegal drug trafficking.

5. The defendant requests that the government "[e]xplain how Mr. Poynter had the 'intent to conceal and disguise the nature and source of property believed to be proceeds of specified unlawful activity.'" (Id. at 1-2.) The defendant also requests that the government "[d]emonstrate how Mr. Poynter 'knew that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity.'" (Id. at 2.) As part of discovery, the government provided the defendant with, inter alia, several audio and video tapes which set forth conversations wherein Mr. Poynter acknowledged (i) that he knew the currency to be laundered was purported narcotics-trade proceeds, and (ii) his desire to assist in concealing and disguising the currency's nature and source.

6. The defendant requests that the government "[i]dentify how Mr. Poynter 'conducted a financial transaction affecting interstate commerce.'" (Id. at 2.) First, the currency the defendant

believed to be proceeds from drug trafficking was withdrawn from a financial institution by ICE agents. Second, with the assistance of Mr. Poynter, his co-conspirators deposited the purported drug proceeds into Bank of America and BB&T bank accounts. See supra ¶ 3. Third, the defendant knew that once the money was deposited into those banks it would be wire-transferred by those institutions into an overseas account in London, England. Finally, during the December 20, 2006 money laundering transaction, Mr. Poynter assisted in laundering currency through the United States Postal Service.

      7.     The defendant requests that the government "[i]dentify the 'law enforcement officers and others.'" (Document 22 at 2.) The main law enforcement officers in this case are ICE Special Agent Steve Soggin, ICE Special Agent Bragg, and MPD Detective Robinson. In addition, the discovery materials previously provided to the defendant list other law enforcement officers involved in the investigation.

      8.     With respect to the defendant's requests pertaining to the forfeiture allegation (id.), the government intends to dismiss that part of the indictment and will file a motion seeking to do so.

      **II.**     **Opposition to Motion to Dismiss the Indictment**

The defense has also moved to dismiss the indictment, contending, with regard to Count One (Conspiracy to Launder Monetary Instruments), that the indictment "fails to state the bare necessity of circumstances surrounding the charge required to advise Mr. Poynter of the nature of the accusation against him." (Document 21 at 6.) The United States believes that this contention is wholly without merit.

Count One of the indictment states:

Between November 17, 2005, and December 20, 2006, in the District of Columbia

and elsewhere, defendants, William F. Poynter, James Franklin Smith, and Christopher Cook, and persons known and unknown to the Grand Jury, willfully and knowingly did combine, conspire, confederate and agree together to commit an offense against the United States, that is: with the intent to conceal and disguise the nature and source of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and others at the direction of law enforcement to be proceeds of specified unlawful activity, to wit: narcotics trafficking.

(Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h))

18 U.S.C. § 1956(h) provides: "Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." Count One clearly incorporates the language of 18 U.S.C. § 1956(a)(1)(B)(i), and thus the defense's argument that the indictment "does not specify which provision of Section 1956 Mr. Poynter allegedly conspired to violate" (Document 21 at 5) is simply without foundation. See United States v. Palfrey, ___ F. Supp. 2d ___, ___, 2007 WL 2327078, at *12-13 & n.12 (D.D.C. Aug. 16, 2007).

Moreover, the indictment, fairly read, alleges, inter alia, that the defendant: (i) conspired with Smith, Cook, law enforcement officers, and others acting at the direction of law enforcement, (ii) between November 17, 2005 and December 20, 2006, in the District of Columbia and elsewhere, (iii) to commit an offense against the United States by knowingly conducting and attempting to conduct a financial transaction affecting interstate or foreign commerce, (iv) with the intent to conceal and disguise the nature and source of the property, (v) which the defendant and his co-conspirators believed to be the proceeds of narcotics trafficking. As such, the indictment in this straightforward money laundering conspiracy case is unquestionably constitutionally sufficient. See

Palfrey, 2007 WL 2327078, at *12-13 (denying motion to dismiss similarly drafted § 1956(h) count incorporating language of § 1956(a)(1)(A)(i)).

     In addition, and as discussed supra, the defense has been provided with an extensive amount of discovery materials, including video and audio tapes which captured some of the actions and conversations of the defendant and his co-conspirators. Without question the indictment and discovery process in this case has informed the defendant of the nature of the charge against him (thus enabling him to prepare a defense), and would certainly permit him to plead the judgment as a bar to any later prosecution for the same offense. Consequently, the defendant's motion to dismiss Count One of the indictment should be summarily denied.

     Finally, as stated above, the government intends to dismiss the forfeiture allegation set forth in the indictment, thus mooting the defendant's motion to dismiss that portion of the indictment.

WHEREFORE, for the foregoing reasons, (1) the government has amply responded to the requests for information put forth by the defense in its motion for a bill of particulars, and thus no bill of particulars need be ordered by the Court; and (2) the Court should summarily deny the defense motion to dismiss Count One of the indictment.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
D.C. Bar No. 498-610

/s/
_____
Anthony Scarpelli
D.C. Bar No. 474-711
Gregory G. Marshall
N.Y. Bar
Assistant United States Attorneys
555 Fourth Street, N.W., 4th Floor
Washington, D.C. 20530

CERTIFICATE OF SERVICE

I hereby certify that I caused this pleading to be served upon defense counsel Carrie Crawford, Esquire, this 14th day of September, 2007.

/s/
_____
Anthony Scarpelli
Assistant United States Attorney