IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-48-01 (EGS) |
| v. : | |
| WILLIAM POYNTER, et al. : | |
| Defendant : | |

**DEFENDANT WILLIAM F. POYNTER'S RESPONSE TO MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTIONS**

Defendant William F. Poynter, (hereinafter "Poytner") through counsel, respectfully submits this response and opposition to the government's motion to permit the introduction of defendant's prior convictions pursuant to Federal Rule 609.

The government seeks permission to use defendant's prior convictions for impeachment purposes should he elect to testify at trial pursuant to Federal Rule of Evidence 609(a)(1). The government alleges that such use is permissible because the probative value of the convictions under the specific facts and circumstances would outweigh any prejudicial effect. Citing United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc), the government states that even defendant's conviction which goes beyond the ten year limit, should be permitted as probative on his credibility. Under Lipscomb, however, the government must prove that probativeness substantially exceeds prejudice as regards defendant's prior convictions and it cannot do so. District courts, in applying Rule 609(a)(1), are required to examine which of the subject crimes have elements relevant to veracity and honesty and which do not.

In the instant case, defendant's 1998 conviction for destruction of property is outside the ten year limit prescribed in Rule 609(b) and should be excluded as necessarily without probative value as to defendant's credibility. Defendant's conviction for destruction of property could have no bearing on his propensity or not to testify truthfully. Moreover, the nature of this crime and its remoteness, should militate against its use. Admission of such evidence would do little to impeach the credibility of defendant but could unduly prejudice and limit his ability to defend his case. United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985). The Court in Daniels also expressed skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes evidence." 770 F.2d at 1118 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities ... and 'the naive assumption that prejudicial effects can be overcome by instructions to the jury' becomes more clearly than ever 'unmitigated fiction'").

Even in the case of prior convictions which bear directly on dishonesty and deceit, this circuit has been inclined to narrowly construe use of such convictions to instances which bear directly upon defendant's credibility for truthfullness. United States v. Fearwell, 595 F.2d 771 (D.C. Cir. 1978). This reasoning, we would submit, would be even more compelling in balancing the interests here.

As for the 1995 theft conviction, the government has not shown that it meets the requirements of Rule 609(a)(1) as being a crime punishable by "imprisonment in excess of one year", hence its use cannot be allowed for impeachment purposes.

For all the foregoing reasons and any which may appear to the Court at a hearing on the matter, Mr. Poynter respectfully requests that the government be prohibited from using his prior convictions to impeach him if he testifies at trial.

Respectfully submitted,

s/CARRIE CRAWFORD, ESQ.
Imhoff & Associates
P.O. Box 961
Laurel, MD 20725
(202) 723-3075
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on September 27, 2007 I electronically filed the foregoing document with the Clerk of the Court, for the District of Columbia using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the U.S. Attorney of Record, Anthony Scarpelli.

s/Carrie Crawford