UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Criminal Case No. 07-48-01 (EGS) |
| | : | |
| WILLIAM POYNTER, | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL FILING IN SUPPORT OF ITS RULE 609
MOTION TO IMPEACH THE DEFENDANT WITH PRIOR CONVICTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental pleading in support of its motion to impeach the defendant with certain of his prior convictions. In support of its motion, the government also relies on the following points and authorities.

1.  The government has confirmed that the defendant's two convictions for Destruction of Property in the District of Columbia Superior Court were felony convictions (case number F-8652-95). The defendant was sentenced on those two counts on February 2, 1998, and, thus, less than ten years have elapsed since the date of those convictions. See Fed. R. Evid. 609(b).

2.  In case F-8652-95, a District of Columbia grand jury indicted the defendant on four felony charges with regard to his criminal conduct on October 9, 1995: Receiving Stolen Property (count one), Unauthorized Use of a Vehicle (count two), and Destruction of Property (counts three and four). On November 17, 1997, the defendant entered guilty pleas to counts three and four.

3.  The factual context surrounding the defendant's crimes was outlined as follows on the D.C. Metropolitan Police Department's arrest/prosecution report:

> On the above date and time the undersigned officer (W1) was on routine patrol in scout [car] 124, with W2.
>
> The officers observed a 1993 Buick Skylark [with D.C. tag number] HA7899 occupied . . . by D1 [the defendant]. The vehicle was westbound on a one way street (eastbound) in the 800 [block] of Randolph. A traffic stop was attempted at Randolph St. [at] Georgia Avenue. The vehicle fled northbound on Georgia Avenue after W1 activated all emergency equipment in scout 124. W1 and W2 followed D1 at a safe distance. D1 ran the stop sign at 9th & Taylor, 9th & Upshur, 9th & Varnum, 9th & Webster, 8th & Webster, [and] 7th & Webster. D1 went southbound on a one way (northbound) on 7th Street, east on Varnum St. to Grant Circle. D1 turned left onto Grant Circle going the wrong way. D1 struck an uninvolved vehicle head on at 5th St. [at] Grant Circle. D1 exited his vehicle and fled on foot northbound on N[ew] Hampshire Avenue. W1, W2, and W3 gave chase and a subsequent apprehension [of the defendant] was made at 4415 N[ew] Hampshire Avenue. D1's vehicle, [now] unoccupied, began to drive in reverse just missing two scout cars and two other vehicles on the scene.
>
> A subsequent WALES check revealed the auto was taken in an armed carjacking in Prince George's County . . . .

4.  Given that each of the defendant's Destruction of Property convictions "was punishable by . . . imprisonment in excess of one year,"[1] "evidence that an accused has been convicted of such a crime <u>shall be admitted</u> if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1) (emphasis added).

5.  Because the prior Destruction of Property convictions are wholly unrelated to the criminal charge in the instant case – Conspiracy to Launder Monetary Instruments – there is no chance that the jurors would impermissibly use the prior convictions as propensity evidence. As such, here Mr. Poynter does <u>not</u> face a defendant's "unique risk of prejudice – <u>i.e.</u>, the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity

---

[1] <u>See</u> 22 D.C. Code 403 (1981 ed.) (setting forth maximum term of incarceration for felony Destruction of Property: "imprison[ment] for not more than 10 years").

evidence despite their introduction solely for impeachment purposes." Fed. R. Evid. 609 Advisory Committee Notes (1990 Amendments).

WHEREFORE, for the foregoing reasons, and for the reasons set forth in its prior motion, the United States respectfully requests that this Court grant its motion to impeach the defendant's credibility, should he testify at trial, with his prior felony Destruction of Property convictions.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

By:  /s/
Anthony Scarpelli
DC Bar No. 474711
(202) 353-1679
anthony.scarpelli@usdoj.gov

Gregory G. Marshall
CT Bar 409959
(202) 353-7557
gregory.marshall@usdoj.gov

Assistant United States Attorneys
555 Fourth Street, N.W., 4th Floor
Washington, D.C. 20530

3

CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of this pleading to be served upon defense counsel Carrie Crawford, Esquire, this 1st day of November, 2007.

        /s/
        _____
        Anthony Scarpelli
        Assistant United States Attorney