UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    Criminal No. 0748-1 (EGS) |
| v. | : |
| WILLIAM POYNTER | : |

**MOTION FOR RECONSIDERATION OF DETENTION ORDER AND
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

    William Poynter, through undersigned counsel, hereby respectfully requests release pending sentencing and appeal pursuant to 18 U.S.C. §§ 3141 and 3143. The grounds for this motion are more fully stated in the accompanying memorandum.

    Respectfully submitted,

_____
Carrie Crawford, Esquire
Imhoff & Associates
P.O. Box 961
Laurel, MD 20725
(202) 723-3075
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    Criminal No. 0748-1 (EGS) |
| | : |
| v. | : |
| WILLIAM POYNTER | : |
| | : |

**MEMORANDUM OF LAW**

    WILLIAM POYNTER respectfully submits this motion for reconsideration of an order of detention pending sentencing entered on December 12, 2007. This Court ruled on that day that Defendant would pose a threat to the community or might flee if released. Pursuant to 18 U.S.C. 3143 (b), a defendant may be released if that person is not likely to flee or pose a danger to the safety of any other person and any appeal is not filed for the purpose of delay and raises a substantial question.

    Defendant during trial was afforded release pursuant to 18 U.S.C. 3142 and appeared on every occasion in which he was required to appear. Hence, his most recent history of behavior supports the conclusion that no flight is presented if he is released under conditions provided for by this Court. The government in opposing release pending sentencing and appeal in this matter, has not established that Defendant poses any threat to the community. In fact, if Defendant posed any threat to the community, he would have been detained prior to conviction. <u>United States v. Salerno</u>, 481 U.S. (1987). There was no reason to support detention at that time

based on danger to the community nor does any exist presently. And certainly there are measures which can assure the Court of Defendant's whereabouts at all times through electronic monitoring.

Moreover, Defendant believes that any subsequent appeal of this matter will raise substantial questions which would likely result in a reversal, particularly, in light of rulings during trial which allowed in allegedly false statements by the Defendant which violated the Court's ruling excluding testimony pertaining to a prior conviction. United States v. Perholtz, 836 F.2d 554, 555 (D.C.Cir 1987).

Lastly, Defendant has no prior criminal record and has committed no acts of violence in his past. Accordingly, no statutory basis exists on which to hold Mr. Poynter as an ostensible danger to the community.

## CONCLUSION

For the foregoing reasons, defendant William Poynter respectfully requests that the Court reconsider its December 12, 2008 order of detention and release Mr. Poynter.

Respectfully submitted,

/s Carrie Crawford, Esquire/
Imhoff & Associates
P.O. Box 961
Laurel, MD 20725
(202) 723-3075
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the copy of the foregoing was sent by electronic submission to Anthony F. Scarpelli. Office of the U.S. Attorney.

.

_____ /sCARRIE CRAWFORD/