UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v | : | Criminal Case No. 07-48-1 (EGS) |
| | : | |
| **WILLIAM POYNTER,** | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION OF DETENTION ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to the defendant's Motion for Reconsideration of Detention Order (Document 45). In support of this opposition, the United States relies on the following points and authorities, and any other points and authorities that it may cite at a hearing on the motion.

On December 12, 2007, a jury convicted the defendant of the sole charge against him: conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Evidence adduced at trial showed that the defendant, an accountant, provided material assistance to an Immigration and Customs Enforcement ("ICE") informant and ICE undercover agents who represented themselves as narcotics dealers seeking to launder cash proceeds from their purported drug operation. All told, the defendant and his two co-conspirators, Christopher Cook and James Franklin Smith, laundered, on behalf of the informant and undercover agents, over $127,000.

After the jury rendered its verdict, the Court heard from both parties and cited the correct legal standard prior to ordering the defendant detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). The defendant now requests that the Court revisit its detention order. For the reasons that follow, the United States believes the Court's detention order was sound and should not be

upended.

"[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition . . . of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). The record establishes that the defendant cannot meet his burden here. First, the defendant's criminal conduct in the case at bar – that is, conspiring with others to launder narcotics proceeds on behalf of purported drug traffickers – was unquestionably serious and dangerous, and has exposed the defendant to a lengthy term of imprisonment. Indeed, the United States calculates the defendant's range under the Sentencing Guidelines at 108 to 135 months of incarceration – a significant term giving the defendant an incentive to flee prior his to sentencing hearing.

Second, it is simply not true that the "[d]efendant has no prior criminal record" (Document 45 at 3); to the contrary, the defendant was already a convicted felon prior to the commencement of this case. Third, the defendant has a further history of material dishonesty, having failed to disclose his criminal convictions to the Maryland State Board of Public Accountancy when renewing his professional license, and to agencies of the federal government when applying for federal government contracts. In short, the defendant did not, and still has not, presented clear and convincing evidence that he is not a flight risk or danger to the community pending his sentencing in this case.

In addition to requesting the Court to reconsider its order under § 3143(a)(1), the defendant appears to seek release pursuant to 18 U.S.C. § 3143(b)(1). However, the defendant has not yet been sentenced, and § 3143(b)(1) expressly applies only to "a person who has been found guilty of an

offense and sentenced to a term of imprisonment." 18 U.S.C. § 3143(b)(1) (emphasis added). See also, e.g., United States v. Smith, 500 F.3d 27, 31 (1st Cir. 2007) ("Section 3143(a) governs release pending sentence . . . .").[1] Accordingly, the defendant should also be denied relief under § 3143(b)(1).

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court summarily deny the defendant's Motion for Reconsideration of Detention Order.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

Anthony Scarpelli
Assistant United States Attorney
DC Bar No. 474711

By:  /s/
Gregory G. Marshall
CT Bar No. 409959
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 Fourth Street, N.W., Room 4126
Washington, D.C. 20530
(202) 353-7557
gregory.marshall@usdoj.gov

---

[1] In any event, the defendant has utterly failed to explain, in the face of "a presumption of valid conviction," whether he meets the requisite two-part inquiry: "(1) Does [his] appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal?" United States v. Perholtz, 836 F.2d 554, 555-56 (D.C. Cir. 1987) (per curiam). The defendant's vague and conclusory pleading simply does not reveal whether his appeal would involve "a close question or one that very well could be decided the other way." Id. at 555 (internal quotation marks omitted).

CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of this pleading to be served, via the electronic case filing system, upon defense counsel Carrie Crawford, Esquire, this 11th day of February, 2008.

/s/
_____
Gregory G. Marshall
Assistant United States Attorney