Copies to: Judge
AUSA - Special Proceedings
Dft.

Leave File is Granted
EGS 4/17/08

The Honorable Emmit G. Sullivan
U.S. District Court
333 Constitution Ave. N.W.
Washington D.C. 20001-2826

CR 07-48

FILED
APR 17 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Judge Sullivan,

I apologize for sending you another handwritten letter. Under the circumstances it is all that is available to me. The same letter was also sent to the honorable Judge John Hogan. I have found since my incarceration it can take months to prepare a typewritten document, I could prepare in days in my office. This being so, I have decided to send hand written letters in the hope they will be accepted as motions in view of the fact I am a layman as it relates to the law, and the fact it would take months to get the same information to you in typed form.

I am trying to express the urgency I feel to have some movement on my detention, since I was not allowed to

take care of my final affairs, since I was taken to prison immediately upon the reading of the verdict at my trial, and, the fact I was not given a fair trial. While I understand the federal government has substantial information against an accused prior to an indictment, a review of even their evidence would reveal that even at the initial contact with federal agents I offered them impossible options hoping they would try them and get arrested. As late as the final contact I still refused to perform tasks they had requested for over a year. Their dealings with the co-defendants were completely unknown to me before August 8th, and when I found out, There was only one more encounter with the confidential source before a six month absence where I hoped the night-

mare was over.

This entire case was based on the sale of the home of James Ayers Parents and the confidential source's grandparents, which happen almost parallel to the Federal investigation. When the rehab on the house was done, and the confidential source felt I was slipping from their grasp, he made a final visit to my office which provided the government with the only evidence usable in gaining a coviction.

Since the investigation team was not above using duress, psychological coercion and intimidation furnished by the family of the confidential source, it should be sufficient to bar my conviction. Especially when there is no evidence of similar criminal activity either before, during or after the investigation.

When peripheral criminal activity is not only promoted and manipulated by police but police provide the transportation, money and all implements necessary for the substantive crime, giving the illusion the target of the investigation is somehow aware of what is going on, that borders on misconduct by the government. That alone should be enough to get my conviction overturned.

And, while there are many issues which could be called into question which should bar my conviction, It is my hope the court would at least consider the pending motion for reconsideration of the detention order. The most important reason being I have always followed the mandates of the court

Sincerely,
William D. Poynter